```
BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:09-CV-02888-GEB-DAD |
| ) | |
| Plaintiff, ) | STIPULATION TO STAY |
| ) | FURTHER PROCEEDINGS |
| v. ) | AND ORDER |
| ) | |
| APPROXIMATELY $31,650.56 IN U.S. ) | |
| CURRENCY SEIZED FROM WELLS FARGO ) | |
| BANK ACCOUNT NUMBER 1358132429, ) | |
| HELD IN THE NAME OF ANNA SKOTS AND ) | |
| ROMAN SKOTS DOING BUSINESS AS USKO ) | |
| SHIPPING, ) | |
| ) | |
| Defendant. ) | |

Plaintiff United States of America, and Claimants Anna Skots and Roman Skots dba USKO Shipping ("Claimants") hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings for a period of six months pending the outcome of a related criminal investigation against Claimants. The Stipulation to Stay is based upon the following:

    1. On October 16, 2009, plaintiff filed a Complaint for Forfeiture *In Rem* against the above-captioned funds seized from Claimants. Claimants filed a claim to the defendant funds on

1  November 24, 2009.

2       2.  The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1)
3  and 981(g)(2).  Plaintiff contends that Claimants structured
4  transactions by conducting currency deposits with the intent to
5  cause or attempt to cause a domestic financial institution to fail
6  to file a Currency Transaction Report, and that the defendant funds
7  are therefore subject to forfeiture to the United States pursuant
8  to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the
9  procedures governing civil forfeitures in money laundering cases
10 pursuant to 18 U.S.C. § 981(a)(1)(A).  As an alternate theory,
11 plaintiff alleges that Claimants structured currency deposit
12 transactions by breaking them into amounts at or below $10,000 to
13 avoid the currency transaction requirement, and that the defendant
14 funds are therefore subject to forfeiture to the United States
15 pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2),
16 incorporating the procedures governing civil forfeitures in money
17 laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

18      3.  To date Claimants have not been charged with any criminal
19 offense by state, local, or federal authorities, and the statute of
20 limitations has not expired on potential criminal charges relating
21 to the structuring offenses underlying this forfeiture case.
22 Nevertheless, plaintiff intends to depose Claimants regarding their
23 involvement in structuring currency transactions.  If discovery
24 proceeds at this time, Claimants will be placed in the difficult
25 position of either invoking their Fifth Amendment right against
26 self-incrimination and losing the ability to pursue their claims to
27 the defendant funds, or waiving their Fifth Amendment right and
28 submitting to a deposition and potentially incriminating

themselves.  If they invoke their Fifth Amendment rights, plaintiff will be deprived of the ability to explore the factual basis for the claim they filed with this court.

    4.  In addition, Claimants intend to depose law enforcement officers who were involved in the investigation.  Allowing depositions of the law enforcement officers would adversely affect the ability of the United States to conduct its related criminal investigation.

    5.  Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon Claimants' ability to prove their claim to the property and to assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for six months.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

    6.  The parties request that the status conference currently scheduled for March 1, 2010, be vacated and rescheduled to sometimes in June, 2010.

DATED: 1/26/2010                    BENJAMIN B. WAGNER
                                    United States Attorney


                                    /s/ Jean M. Hobler
                                    JEAN M. HOBLER
                                    Special Assistant U.S. Attorney



DATED: 12/8/09                      /S/ Anna Skots
                                    ANNA SKOTS

DATED: 12/8/09                          /S/ Roman Skots
                                        ROMAN SKOTS


DATED: 12-8-09                          /s/ James C. Hazen
                                        JAMES C. HAZEN
                                        Attorney for Claimants Anna
                                        Skots and Roman Skots dba USKO
                                        Shipping

                                        (Original signatures retained by
                                        attorney)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months.  The status conference currently scheduled for March 1, 2010, is vacated and will be rescheduled to June 14, 2010, at 9:00 a.m.  A joint status report is to be filed fourteen days prior to the hearing.

IT IS SO ORDERED.

Dated:  January 27, 2010

                                        /s/ Garland E. Burrell, Jr.
                                        GARLAND E. BURRELL, JR.
                                        United States District Judge