IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $31,650.56 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 1358132429, HELD IN NAME OF ANA SKOTS AND ROMAN SKOTS DOING BUSINESS AS USKO SHIPPING,<br><br>　　　　Defendant. | 02:09-cv-02888-GEB-DAD<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　The January 28, 2010, Order staying this matter for a period of six months continued the status conference in this case to June 14, 2010, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. No joint status report was filed as ordered.

　　　　Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on July 12, 2010, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is

1  requested on the OSC.[1]  If a hearing is requested, it will be held
2  on July 26, 2010, at 9:00 a.m., just prior to the status
3  conference, which is rescheduled to that date and time.  A status
4  report shall be filed no later than fourteen days prior to the
5  status conference.
6         IT IS SO ORDERED.
7  Dated:  June 7, 2010

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).